UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAEKITA DICKS, *et al.* )<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. ) | Civil Case No.<br>1:14-cv-01626 (RJL) |

**FILED**

JUN 15 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION

(June *13*, 2015) [Dkts. ##11, 14]

Plaintiff Taekita Dicks, as parent and next friend of C.D. ("plaintiffs"), commenced this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, against the District of Columbia ("defendant"), seeking $33,198.50 in attorneys' fees and costs incurred in connection with their administrative due process complaint. *See generally* Compl. [Dkt. #1]. Before the Court are the parties' cross-motions for summary judgment. *See* Pls.' Mot. Summ. J. ("Pls.' Mot.") [Dkt. #11]; Def.'s Cross Mot. Summ. J. & Opp'n to Pls.' Mot. Summ. J. ("Def.'s Mot.") [Dkt. #14]. After due consideration of the parties' pleadings, the relevant law, and the entire record herein, plaintiffs' motion is DENIED and defendant's motion is GRANTED in part and DENIED in part.

1

## BACKGROUND

To ensure "that all children with disabilities have available to them a free appropriate public education," or "FAPE," the IDEA requires that school officials locate and evaluate children suspected of suffering from disabilities—the so-called "child find" obligation. 20 U.S.C. § 1400(d)(1)(A); *id.* at § 1412(a)(3). To enforce this mandate, the IDEA affords "procedural safeguards" to the parents of a disabled student who object to the "identification, evaluation, or educational placement of the child," or, more broadly, to the state's "provision of a free appropriate public education to such child." 20 U.S.C. §§ 1415(a), (b)(6), (f)(1). Plaintiffs here exercised that right.

On January 13, 2014, plaintiffs filed an administrative due process complaint alleging that the District of Columbia Public Schools ("DCPS") denied C.D. a FAPE by failing to timely assess the student's eligibility for special education services. *See* Pls.' Stmt. Mat. Facts ("Pls.' SOMF") ¶¶ 3-4 [Dkt. #11-2]; Pls.' Mot. Ex. 1 [Dkt. #11-4]. Plaintiffs sought, as relief, independent comprehensive psychological and functional behavioral assessments of C.D., a multi-disciplinary team ("MDT") meeting to gauge C.D.'s eligibility for special education, and, if necessary, the development of an appropriate individualized education program ("IEP"). Pls.' SOMF ¶ 9; Pls.' Mot. Ex. 1 at 6. Plaintiffs also requested a suitable placement for the 2014-2015 school year, compensatory education, and reimbursement for attorney's fees. Pls.' Mot. Ex. 1 at 6.

On February 19, 2014, DCPS made a settlement offer to plaintiffs. The offer stipulated that DCPS would: (1) fund an independent comprehensive psychological evaluation of C.D.; (2) conduct a functional behavior assessment of C.D.; and (3) convene an IEP meeting to develop a behavioral intervention plan and to "review and revise" C.D.'s IEP. Def.'s Ex. 1 at ¶¶ 5(a)-(c) [Dkt. #14-1]. The offer also capped reimbursement for plaintiffs' attorney's fees at $400.00 and required plaintiff "to waive all rights, claims, causes of action, known and unknown, against DCPS under IDEA that [plaintiffs] now assert[] or could assert in the future for a [FAPE]." Def.'s Ex. 1 at ¶¶ 6-7. Plaintiffs rejected the offer.

The administrative hearing proceeded as scheduled on March 6, 2014. Pls.' SOMF ¶ 7; Pls.' Mot. Ex. 5 [Dkt. #11-8]. The Hearing Officer ("HO") rendered its decision (the "HOD") shortly thereafter on March 28, 2014. Pls.' SOMF ¶ 8; Pls.' Mot. Ex. 5. Its findings were three-fold. The HO found that DCPS violated the IDEA by failing to timely evaluate C.D. and by failing, moreover, to comply with its "child find" obligation for the 2013-2014 school year. Pls.' Mot. Ex. 5 at 6-7. The HO also found, however, that there was insufficient evidence to conclude that DCPS had violated its "child find" obligation during the 2012-2013 school year. Pls.' Mot. Ex. 5 at 6. As recompense, the HO ordered DCPS to fund comprehensive psychological and functional behavioral assessments of C.D., to convene an MDT meeting to determine C.D.'s eligibility for special education, and, "if necessary," to develop an IEP and "determine an

appropriate school placement." Pls.' SOMF ¶ 9; Pls.' Mot. Ex. 5 at 9. The HO denied plaintiffs' other requests for relief. Pls.' Mot. Ex. 5 at 9. Plaintiffs commenced this action on September 26, 2014, seeking reimbursement for the attorney's fees and costs incurred during the pendency of the administrative proceeding. *See* Compl. The parties moved separately for summary judgment. *See generally* Pls.' Mot.; Def.'s Mot.

## LEGAL STANDARD

The IDEA permits courts to award "reasonable" attorney's fees to "the prevailing party" in an administrative due process action. 20 U.S.C. § 1415(i)(3)(B). A party prevails if she succeeds "on any significant issue in litigation which achieves some of the benefit sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Fees awarded pursuant to the IDEA are based on legal "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," 20 U.S.C. § 1415(i)(3)(C), and are calculated by multiplying "the number of hours reasonably expended on the litigation" by the "reasonable hourly rate," *Hensley*, 461 U.S. at 433. As the touchstone of any fee award under the IDEA, "reasonableness" is a fact-specific inquiry and requires that plaintiffs supply sufficient documentation for the Court to determine "*with a high degree of certainty*" that the hours claimed are neither excessive nor duplicative. *In re Olson*, 884 F.2d 1415, 1428-29 (D.C. Cir. 1989) (emphasis in original) (internal quotation marks omitted).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the Court draws "all justifiable inferences" in favor of the non-moving party, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading" and must instead "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating cross motions for summary judgment, "the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed." *Select Specialty Hosp. Bloomington, Inc. v. Sebelius*, 774 F. Supp. 2d 332, 338 (D.D.C. 2011) (quoting *GCI Health Care Ctrs., Inc. v. Thompson*, 209 F. Supp. 2d 63, 67-68 (D.D.C. 2002).

## ANALYSIS

Defendant does not contest the reasonableness of the $335.00 hourly rate charged by plaintiffs' counsel. *See generally* Def.'s Mem. P. & A. Supp. Def.'s Cross Mot. Summ. J. & Opp'n to Pls.' Mot. Summ. J. ("Def.'s Mem.") [Dkt. #14]. Defendant does, however, challenge other aspects of plaintiffs' fee request, including plaintiffs' eligibility for fees incurred after DCPS's February 19, 2014 settlement offer, the reasonableness of the hours expended on particular tasks, and plaintiffs' status as prevailing parties. *See* Def.'s Mem. at 7-13. For the following reasons, I find that plaintiffs are entitled a portion of the fees incurred between January 7, 2014 and August 5, 2014.

## I. Recoverability of Fees Incurred After DCPS's Settlement Offer

Defendant argues that it is not liable for any attorney's fees incurred after DCPS's February 19, 2014 settlement offer. *See* Def.'s Mem. at 7-9. I disagree. The IDEA precludes an award of attorney's fees for services rendered "subsequent to the time of a written offer of settlement" if "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement," 20 U.S.C. § 1415(i)(3)(D)(i), unless the parents were "substantially justified in rejecting the settlement offer," *id.* at § 1415(i)(3)(E). There is no dispute that DCPS timely made, and plaintiffs timely declined, a settlement offer. The question instead is whether the HOD provides "more favorable" relief than the settlement offer, and, if not, whether plaintiffs' rejection was, nonetheless, "substantially justified." *See* 20 U.S.C. § 1415(i)(3)(D)(i), (E).

As to the first question, the settlement offer and the HOD provide equivalent forms of relief. Both require DCPS to fund C.D.'s comprehensive psychological and functional behavioral assessments. *Compare* Def.'s Mot. Ex. 1 at ¶¶ 5(a)-(b), *with* Pls.' Mot. Ex. 5 at 9. The settlement offer stipulated, moreover, that DCPS would convene an IEP meeting to, among other things, "review and revise the student's IEP." Def.'s Mot. Ex. 1 at ¶5(c). The HOD likewise directed DCPS to convene an MTD, and, if necessary, to craft an appropriate IEP. Pls.' Mot. Ex. 5 at 9. Because both provide comparable forms of relief, it simply cannot be said the HOD afforded "more favorable" relief than the settlement offer. *See* 20 U.S.C. § 1415(i)(3)(D)(i).

As to the second question, however, I agree with plaintiffs that their rejection was "substantially justified." *See* 20 U.S.C. § 1415(i)(3)(E). Plaintiffs primarily contend that offer's $400.00 cap on attorney's fees justified their rejection. *See* Pls.' Reply Def.'s Resp. in Opp'n to Pls.' Mot. Summ. J. ("Pls.' Reply") at 7-12 [Dkt. #16-1]. As of February 19, 2014, the date of the settlement offer, plaintiffs' counsel had expended 33.5 hours on the case. *See* Pls.' Mot Ex. 9, at 1-6. DCPS's offer, if accepted, would have compensated plaintiffs' attorney for approximately 1.2 of those hours.

The purpose of the IDEA's fee shifting provision is to ensure that qualified counsel is available to enforce parents' rights. *See Brighthaupt v. District of Columbia*, 36 F. Supp. 3d 1, 9 (D.D.C. 2014). A settlement offer that compensates counsel for a mere fraction for its efforts deters parents from exercising their due process rights and, as such, is inimical to the IDEA's purpose. Indeed, it would be a "pernicious and self-defeating interpretation of the IDEA to say that any offer of fees, no matter how unreasonable, must be accepted at the risk of losing all compensation from the date the settlement offer was made until the date the case is concluded." *Id.* For this reason, I join other judges in this District in holding that plaintiffs justifiably rejected an offer that capped reimbursement for attorney's fees at $400.00. *See id.* (holding that plaintiffs were substantially justified in rejecting a settlement offer that only reimbursed $300 of their attorney's fees); *see also Davis v. District of Columbia*, 13cv1854(AK), 2014 WL 5293594, at *7 (D.D.C. Oct. 16, 2014) (holding that plaintiffs were "substantially

justified" in rejecting a settlement offer that did not reimburse any attorney's fees).[1]

Plaintiffs are therefore eligible for an award of attorney's fees for time spent on the case *after* DCPS's settlement offer. Eligibility, however, is not the same as entitlement, and I must next determine whether plaintiffs should receive all of the fees incurred between January 7, 2014 and August 29, 2014.

## II. Hours Reasonably Expended

Having determined that plaintiffs' recovery is not limited to fees incurred before February 19, 2014, the Court next assesses whether all of the requested fees are "reasonable." Unfortunately for plaintiffs, I find some of the claimed fees unreasonable.

Defendant first argues that $569.50 of plaintiffs' attorney's fees should be excluded from the fee award as excessive and duplicative. *See* Def.'s Mem. at 10-11. "[B]illing judgment" is a critical component of the fee-shifting analysis. *Copeland v.*

---

[1] Plaintiffs also claim that their rejection was justified because the offer's broad waiver provision would have required them to forfeit any claims for compensatory education. *See* Pls.' Reply at 7. If signed, the settlement offer would indeed have required plaintiffs to waive all "rights, claims, causes of action, known and unknown, against DCPS under IDEA that the [plaintiffs] now assert[] or could assert in the future for a [FAPE] . . . up to the date of this [settlement offer]." Def.'s Mot. Ex. 1 at ¶ 6. If, on the one hand, C.D.'s IEP included compensatory education, the offer's waiver provision would not have foreclosed such relief. If, however, compensatory education was not part of C.D.'s IEP, then plaintiffs' requests for such relief may have qualified as a "future" claim subject to the waiver provision. Courts faced with similar questions have indicated that broad waiver provisions could justify rejection of an otherwise favorable settlement offer. *See Davis*, 2014 WL 5293594, at *7 (finding that plaintiffs were substantially justified in rejecting an identical waiver because it arguably "precluded them from pursuing compensatory education claims"). *But see Brighthaupt*, 36 F. Supp. 3d at 8 (declining to resolve whether similar waiver language precluded an award of compensatory education because it was a "complicated legal issue as to which reasonable lawyers could differ").

*Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc). It is axiomatic that hours "not properly billed to one's *client* are also not properly billed to one's *adversary*." *Id.* (emphasis added). Courts simply do not sanction reimbursement for "nonproductive time or duplicative activities." *Thomas v. District of Columbia*, 908 F. Supp. 2d 233, 250 (D.D.C. 2012). This does not mean that courts should scrutinize each and every billing entry. Indeed, they should not—lest fee contests "evolve into exhaustive trial-type proceedings." *Id.* (citation and internal quotation marks omitted). However, where, as here, defendant raises the specter of overbilling, the Court may "make an independent determination [as to] whether or not the hours claimed are justified." *See Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 45 (D.D.C. 2004) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). Following such an inquiry, the Court may, in its discretion, excise any "excessive, redundant, or otherwise unnecessary" charges from its award. *Hensley*, 461 U.S. at 434.

Plaintiffs' counsel made two markedly similar fee requests on January 10, 2014. The first states: "Prepare and file with the principal of Cesar Chaves PCS – Capitol Hill Campus, a request for access to the student's educational records." Pls.' Mot. Ex. 9 at 1. A second entry states: "Prepare and send correspondence to the principal at Cesar Chaves PCS providing a copy of the various authorizations of representation and request for access to the student's educational records." Pls.' Mot. Ex. 9 at 1. If both entries are to be believed, counsel spent two hours at a rate of $335 per hour on the same

task—requesting C.D.'s educational records. I agree with defendant that plaintiffs should not be reimbursed for both entries, but decline defendant's invitation to "halve[]" the time spent on the remaining entry. *See* Def.'s Mem. at 11. It is certainly conceivable that an attorney of Mr. Hill's skill and experience could have worked more expediently. But it is "neither practical nor desirable" for courts to determine how much time should have been spent on discrete tasks and this Court must heed the Circuit's instruction to refrain from normative judgments of this ilk. *See Copeland*, 641 F.2d at 903; *see also Fox*, 131 S. Ct. 2205, 2216 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants" when it comes to assessing the reasonableness of a fee petition). The Court will, accordingly, strike one of counsel's hours billed on January 10, 2014, but will not further reduce the time billed for this task.[2]

Defendant next claims that the 14.8 hours billed by plaintiffs' counsel between August 5, 2014 and August 29, 2014 are "unreasonable" because they are remote in time from the HOD. *See* Def.'s Mem. at 12-13. I agree. As a general matter, fee requests relating to separate administrative actions cannot be bootstrapped to other, successful complaints. *See Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 64 (D.D.C. 2001) (excluding charges that related to a "separate, failed administrative complaint"). A cursory examination of the questionable charges reveals that they relate to a separate

---

[2] The Court need not address defendant's objection to the two identical entries for $67.00 billed on January 28, 2014, as plaintiffs concede that the second entry is erroneous and stipulate to its removal from the fee award. *See* Pls.' Reply at 16.

administrative complaint. Indeed, each of the entries conspicuously refers to drafting and filing a separate complaint and corresponding with DCPS about the resolution of this separate action. *See* Pls.' Mot. Ex. 9 at 12-14.[3] Thus, the 14.8 hours billed between August 5, 2014 and August 29, 2014 are not reimbursable.

## III. Reduction of Fee Award for Plaintiffs' Partial Relief

Defendant does not dispute that plaintiffs prevailed on certain of their claims. Defendant does, however, contend that a further reduction in attorney's fees is warranted because plaintiffs only partially prevailed. *See* Def.'s Mem. at 9-10. I agree. Where a plaintiff achieves limited success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436; *see Fox*, 131 S. Ct. at 2214 ("The fee award, of course, should not reimburse the plaintiff for work performed on claims that bore no relation to the grant of relief."). The Court may, accordingly, reduce the fee award to reflect plaintiffs' actual success. *Hensley*, 461 U.S. at 436-37. There is "no precise rule or formula" for making

---

[3] Plaintiffs argue that defendant is liable for all of counsel's "post-HOD" work because "all work undertaken by Plaintiffs' counsel after the issuance of the March 28, 2014 HOD was undertaken to ensure that the HOD was complied with by DCPS." *See* Pls.' Reply at 17. Work performed after the issuance of an administrative decision is certainly reimbursable. *See McClam v. District of Columbia*, 808 F. Supp. 2d 184, 190 (D.D.C. 2011) (granting attorney's fees for post-HOD tasks related to the administrative complaint at issue); *see also Blackman v. District of Columbia*, 390 F. Supp. 2d 16, 18 (D.D.C. 2005) (awarding attorney's fees for "post-judgment monitoring of the losing party's compliance with the terms of the judgment" (internal quotation marks omitted)). But it is only reimbursable to a point. All administrative hearings for a particular child will implicate, on some level, that child's right to a FAPE under the IDEA. But that does not guarantee plaintiffs a perpetual right to attorney's fees for all future IDEA claims, no matter how tenuously related.

fee determinations of this nature and the Court has substantial discretion to craft an appropriate remedy. *Id.* Where an action involves a "common core of facts" or "related legal theories," it is difficult, if not impossible, to divine the hours expended on a claim-by-claim basis. *Id.* at 435. In such circumstances, success is a question of degree and any award should reflect the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

Plaintiffs argue that there was "one central issue in this case: should the minor child have been evaluated for special services by the DCPS." *See* Pls.' Reply at 13. This oversimplifies the matter. Three issues were presented for adjudication: (1) whether DCPS denied C.D. a FAPE by failing to comply with the "child find" obligation for the 2012-2013 school year, (2) whether DCPS denied C.D. a FAPE by failing to comply with the "child find" obligation in the 2013-2014 school year, and (3) whether DCPS denied C.D. a FAPE by failing to conduct an initial evaluation within 120 days of plaintiffs' written request. *See* Pls.' Mot. Ex. 4 at 2 [Dkt. #11-7]. Plaintiffs prevailed on only the latter two claims. *See* Pls.' Mot. Ex. 5 at 6-8. Plaintiffs' counsel's invoice does not, however, reflect how much attorney time was billed to the non-prevailing issue, and the Court bears the difficult task of allocating reimbursement based on a record of less than perfect clarity. Precision in this instance is impossible, but I will hew to the Supreme Court's reminder that the goal is not to "achieve auditing perfection" but is instead to accord "rough justice." *Fox*, 131 S. Ct. at 2216. Here, reducing the remaining time by

one third most closely approximates the ratio of what plaintiffs sought to what they actually achieved. Accordingly, I find that plaintiffs are entitled to reimbursement for 55.4 hours, at an hourly rate of $335.00.

## CONCLUSION

The Court accordingly DENIES plaintiffs' Motion for Summary Judgment [#11] and GRANTS in part and DENIES in part defendant's Cross Motion for Summary Judgment [#14]. Plaintiffs seek reimbursement for $33,198.50 in unpaid attorneys' fees. Based on the foregoing analysis, the Court deducts from this amount 14.8 hours of temporally remote charges incurred between August 5, 2014 and August 29, 2014, 1 hour of excessive charges incurred on January 10, 2014, and .20 hours of duplicative charges incurred on January 28, 2014. The Court further reduces the remaining 83.1 hours by one third to account for plaintiffs' partial success. Defendant is therefore ORDERED to reimburse plaintiffs' attorney's fees for 55.4 hours, at an hourly rate of $335.00, for a total of $18,559.00. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge